IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**REY ACOSTA-FELTON,**

    **Plaintiff,**

  v.            CASE NO. 11-3103-SAC

**GRINKEY, et al.,**

    **Defendants.**


**O R D E R**

  Plaintiff, a prisoner now incarcerated in a Kansas Correctional Facility, initiated this action by filing his complaint in Riley County District Court, naming various Riley County law enforcement officers as defendants. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiff seeks remand of this matter back to the state district court. For the reasons set forth below, the court denies plaintiff's motion.

  Plaintiff filed his complaint in the state district court on November 29, 2010, asserting jurisdiction under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988. He seeks damages based on defendants' alleged participation in subjecting plaintiff to cruel and unusual punishment in October 2009 at the Riley County Jail.

  Counsel for defendants Grienke, Kennedy, Miller, and Myles removed the case to this court by filing a petition for removal on May 24, 2011, within 30 days after these four defendants were served with summons on May 4, 2011. *See* 28 U.S.C. § 1446(b)(petition for removal must be filed within 30 days of service). Defendants maintain this court has original jurisdiction of this matter under

28 U.S.C. § 1331, in that plaintiff's claims arise under federal law.

In seeking remand of this action to the state court, plaintiff claims the petition for remand is defective because each defendant failed to independently give their written consent and intent to join the removal. Having reviewed the record, the court finds no such defect in the notice of removal.

Plaintiff correctly notes that all defendants are generally required to join in the notice of removal. *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir.1998), *cert. denied*, 526 U.S. 1112 (1999). "This requirement, that all defendants served at the time of filing must join in the notice of removal, is generally referred to as the unanimity rule." *Tresco, Inc. v. Continental Cas. Co.*, 727 F.Supp.2d 1243, 1247-48 (D.N.M.2010)(citation omitted). "The failure to join all proper defendants renders the removal petition procedurally defective." *Henderson v. Holmes*, 920 F.Supp. 1184, 1186 (D.Kan.1996)(citations omitted). A notice of removal stating that all defendants consent to removal is inadequate without a sufficient showing to establish each co-defendant's independent and unambiguous notice of consent and intent to join in removal. *Wakefield v. Olcott*, 983 F.Supp. 1018, 1021 (D.Kan.1997).

In the present case, however, the notice of removal was signed by counsel as representing all four defendants who had been served with process,[1] and the notice clearly indicated that counsel was

---

[1] The notice of removal does not include defendants Fine and Bailey who have not yet been served. Joinder of these two unserved defendants is not required by the unanimity rule. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939)(no joinder required of a defendant who was not yet served or had not entered an appearance when removal petition is filed).

signing the notice on behalf of each of these four defendants. Thus the notice of removal was signed by a person with authority to act on behalf of all served defendants and to indicate each defendant's consent to the removal. *See e.g. Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir.2008)("[E]ach defendant need not necessarily sign the notice of removal, [but] there must...be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal)(internal quotation marks and citations omitted); *Nixon v. Wheatley*, 368 F.Supp.2d 635, 639 (E.D.Tex.2005)(remand on the basis of lack of consent not appropriate where counsel represented both defendants and had authority to remove on their behalf), *appeal dismissed*, 203 Fed.Appx. 674 (5th Cir.2006), *cert. denied*, 550 U.S. 935 (2007).

Finding no defect in defendants' consent to the notice of removal, the court denies plaintiff's motion for remand.

IT IS THEREFORE ORDERED that plaintiff's motion for remand (Doc. 5) is denied, and that this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan. Rule 40.1.

**IT IS SO ORDERED.**

DATED: This 21st day of June 2011 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge