## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REY ACOSTA-FELTON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-3103-RDR ) |
| **LARRY GREINKE, et. al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a civil rights action brought by the plaintiff pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff contends that the defendant law enforcement officers used excessive force and violated his constitutional rights on November 10, 2009 at the Riley County Police Department (RCPD) while he was an inmate. This matter is presently before the court upon defendants' motion to dismiss.

I.

Plaintiff, proceeding pro se, filed this case on November 29, 2010 in state court. At that time, plaintiff named RCPD Officers Greinke, Kennedy, Myles, Miller and Bailey as defendants. On May 4, 2011, these defendants were served. The case was removed to this court on May 24, 2011. Counsel was appointed to represent plaintiff on February 27, 2012.

On June 29, 2012, plaintiff moved to amend his complaint. He sought to add claims against Bradley Schoen, the Director of the RCPD,

and RCPD Officer David Klingele.  On August 3, 2012, Magistrate Judge O'Hara granted the motion.  In doing so, he stated: "To be clear, this order makes no determination one way or another on the timeliness of the added claims or the ultimate applicability of the relation-back provision."  On August 10, 2012, plaintiff filed his amended complaint.

In Count I of the amended complaint, plaintiff makes claims for use of excessive force under § 1983 against Officers Greinke, Kennedy, Fine and Klingele.  In Count II, plaintiff alleges claims under § 1983 against Director Schoen for negligent training and supervision.  This claim was not part of plaintiff's original complaint.  In Count III, plaintiff asserts claims of conspiracy under § 1985(3) against Officers Greinke, Kennedy, Fine and Klingele.  Finally, in Count IV, plaintiff makes claims for conspiracy by omission under § 1986 against Officers Grienke, Kennedy, Fine and Klingele.

II.

In this motion, defendants seek dismissal of various counts because they are barred by the statute of limitations.  Officer Klingele asserts that all of the counts against him (Counts I, III and IV) should be dismissed due to the statute of limitations.  Director Schoen contends that Count II should be dismissed because it is barred by the statute of limitations.  Finally, all defendants argue that Count IV should be dismissed based upon the statute of

2

limitations. In making these arguments, the defendants assert that the claims made in plaintiff's amended complaint do not relate back to the original complaint.

In the context of Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff to determine whether the statute of limitations has been met. See Sunrise Valley, LLC v. Kempthorne, 528 F.3d 1251, 1254 (10th Cir. 2008).

### III.

The court shall initially consider the § 1983 and § 1985(3) claims against defendant Schoen and Klingele. There is no dispute that plaintiff added defendants Schoen and Klingele after the statute of limitations had run. The statute of limitations for § 1983 and 1985(3) claims "is drawn from the personal-injury statute of the state in which the federal district court sits." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). The court thus applies Kansas' two-year statute of limitations for personal injury actions. See Kan. Stat. Ann. § 60-513(a)(4). The amended complaint was not filed until August 10, 2012, well over two years after the incident that gives rise to these claims. Plaintiff contends, however, that his claims against these defendants should not be dismissed as time-barred because his amended complaint "relates back to the date of the original pleading" under Fed.R.Civ.P. 15(c).

Rule 15(c)(1)(C) provides that an amendment that adds a new defendant but arises out of the same conduct relates back if the new defendant "(1) received such notice of the action that [he] will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity."  A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint.  See Fed.R.Civ.P. 4(m); Fed.R.Civ.P. 15(c).

Defendants Schoen and Klingele have raised three arguments why the claims against them do not relate back and should therefore be dismissed.  First, they contend there can be no showing that they had knowledge of the plaintiff's claim within 120 days of the filing of the original complaint because the original defendants were not served until 156 days after the filing of the original complaint.  Second, they argue that relation back is not proper here under Rule 15(c)(1)(C) because there was no mistake of identity in failing to name them as defendants in the original complaint.  Finally, they assert that plaintiff has failed to prove that they knew or should have known that plaintiff intended to assert claims against them.

The court is persuaded that the relation back provisions of Fed.R.Civ.P. 15(c) do not apply because these defendants did not

4

receive notice of plaintiff's action within 120 days as required by Fed.R.Civ.P. 4(m). The original defendants were not served until 156 days after the filing of the original complaint so these defendants could not have received the notice necessary for relation back under Rule 15(c)(1)(C).

In an effort to avoid this problem, plaintiff has suggested that the 120 day period of Rule 4(m) runs from the date of the removal of this case. Plaintiff relies upon 8 U.S.C. § 1448 for support of this contention. The court finds no merit to this contention.

Section 1448 provides as follows:

> In all cases removed from State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The court is not persuaded that § 1448 impacts this decision. Here, service on all defendants named in the original complaint was effected prior to removal. Thus, the provisions of § 1448 are irrelevant because no additional time was needed to perfect service. The 120 days began to run from the filing of the original complaint, not from the date of removal.

Accordingly, since service was made on the original defendants over 120 days after the filing of the original complaint, then the

new defendants could not possibly have known or should have known that any claims would be brought against them. They are entitled to dismissal of plaintiff's claims because they do not relate back to filing of the original complaint and are, therefore, time-barred by the applicable statutes of limitations. With this decision, the court need not consider the other "relation back" arguments raised by the defendants.

IV.

The court next turns to the plaintiff's § 1986 claim. All defendants contend that this claim is barred by the statute of limitations. The statute of limitations for a § 1986 claim is one year. <u>See</u> 42 U.S.C. § 1986("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). The defendants contend that plaintiff's § 1986 claim is time-barred because plaintiff failed to raise it until August 12, 2012. The defendants argue that relation back under Rule 15(c) does not save the claim because plaintiff filed his initial complaint on November 29, 2010, over one year after the incident that led to these claims. Plaintiff raises two arguments in response. First, he suggests that he was unaware of the facts that would support a § 1986 claim until some time after November 10, 2009. He asserts that he could not have known the necessary facts until after January 19, 2010. Second, he contends

6

that equitable tolling precludes dismissal of his § 1986 claim. He suggests that his inability to read, speak and write the English language prevented a timely assertion of this claim.

The court shall begin with the determination of the accrual of plaintiff's § 1986 claim. The accrual of federal causes of action is controlled by federal law. Beck v. City of Muskogee Police Dept., 195 F.3d 553, 557 (1999). A claim for a civil rights violation generally accrues when the plaintiff knows or should have known his civil rights had been violated. Id. Claims arising out of police actions toward a criminal suspect are presumed to accrue when the actions actually occur. Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991).

The court is confident that plaintiff's claims accrued on November 10, 2009, the date of the alleged incident. See Nieves v. McSweeney, 73 F.Supp.2d 98, 103(D.Mass. 1999)("[A] claim for conspiracy to use excessive force. . .accrue[s] on the date on which these acts occur because that is when the plaintiff becomes aware that his rights have been violated."); Golino v. City of New Haven, 761 F.Supp. 962, 966 (D.Conn. 1991)(accrual for claims of conspiracy and excessive force begin to run on day of arrest). The court believes that plaintiff had actual knowledge of the elements of his claim of failure to prevent conspiracy on the date of the incident. Since he filed his original complaint after the expiration of the

7

one-year statute of limitations, this claim is time-barred absent the application of equitable tolling.

The question of whether tolling applies to § 1986 claims is not clear. Several courts, relying upon the language in the statute, have concluded that it does not provide for tolling of the statute of limitations. Bieros v. Nicola, 839 F.Supp. 332, 337 (E.D.Pa. 1993)("While plaintiff states 'extraordinary circumstances' as to why he filed his claim at the 'first available opportunity,' it is clear from the language of the statute that it does not provide for tolling of the statute of limitations."); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 407 (S.D.N.Y. 2004); Smith v. Orange County, 1995 WL 405018 at *1 (E.D.N.Y. June 27, 1995). Other courts determined that § 1986 is subject to federal equitable tolling principles. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 n. 3 (9th Cir. 1999). In Ellis, the Ninth Circuit determined that "[e]quitable tolling of the statute of limitations is a defense to all federal statutes of limitations, even those expressly contained within a given cause of action, unless tolling would be inconsistent with the legislative purpose." Id. The Court further concluded there was no evidence that Congress intended to disallow equitable tolling in civil rights claims. Id.

This court is inclined to believe, based upon the language in the statute, that tolling should not be applied for § 1986 claims. However, we need not reach that issue because we do not find that plaintiff has established that he is entitled to equitable tolling. Federal law provides that a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The only possible basis for tolling raised by the plaintiff is that he has difficulty reading and writing English and has "very limited oral communication ability in the English language." Given plaintiff's ability to file his other claims in a timely fashion, the court is not persuaded that he was somehow prevented from pursuing this claim. His language barrier is not such "an extraordinary circumstance" that precluded him discovering his alleged injury through the exercise of reasonable diligence. Accordingly, the court finds that plaintiff's § 1986 must be dismissed as time-barred under the statute of limitations.

V.

In sum, the court shall dismiss plaintiff's claims against defendants Schoen and Klingele as time-barred. The court shall also dismiss plaintiff's § 1986 claim against all defendants as time-barred.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 56) be hereby granted. Plaintiff's claims against against defendants Schoen and Klingele are hereby dismissed as time-barred. The court shall also dismiss plaintiff's § 1986 claim against all defendants as time-barred.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2013 at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge